[Cite as *OM Harikrushn, L.L.C. v. Summit Cty. Bd. of Revision*, 2017-Ohio-1028.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

OM HARIKRUSHN, LLC

    Appellant

    v.

COUNTY OF SUMMIT BOARD OF
REVISION, et al.

    Appellees

C.A. No.    28234

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2015-09-4616

DECISION AND JOURNAL ENTRY

Dated: March 22, 2017

HENSAL, Presiding Judge.

{¶1}    OM Harikrushn, LLC appeals from the judgment of the Summit County Court of Common Pleas, which affirmed the Summit County Board of Revision's valuation of certain commercial property. For the reasons that follow, this Court reverses and remands the matter for further proceedings consistent with this decision.

I.

{¶2}    This case stems from a tax appeal relating to the valuation of certain commercial property being used to operate a hotel. Relevant to this appeal, the Lorain National Bank filed a foreclosure action relating to the property in April 2012, and moved to appoint a receiver. The receiver took possession and control of the property a few months later. The Summit County Court of Common Pleas granted a decree of foreclosure in May 2013, and ordered the property to be sold at a Sheriff's sale. The Summit County Sheriff obtained an appraisal of the property in August 2013, which valued it at $2,700,000.00.

{¶3} The Sheriff's sale took place in February 2014 with a minimum requested bid of $1,800,000.00. OM Harikrushn, LLC ("OMH") made the minimum bid, and purchased the property for same. OMH obtained its own appraisal in June 2014, which valued the property at $1,840,000.00, with $100,000.00 of that amount being allocated as personal property.

{¶4} The Summit County Fiscal Officer valued the property at $2,647,300.00 during the 2014 tax year. OMH filed a complaint with the Summit County Board of Revision (the "Board"), seeking to have that value reduced to $1,840,000.00. At the hearing before the Board, OMH orally moved to amend that figure to $1,740,000.00. It then presented testimony from its agent/representative and submitted a copy of the appraisal it procured, among other evidence. No evidence was presented at the hearing in support of the county's valuation.

{¶5} The Board ultimately determined that a change in valuation was not warranted and, thus, the valuation remained at $2,647,300.00. OMH appealed that decision to the Summit County Court of Common Pleas, which deemed the matter submitted upon the record, the evidence submitted, and the briefing of the parties. The trial court affirmed the Board's valuation. OMH now appeals, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE LOWER COURT ERRED WHEN IT MADE A SWEEPING REJECTION OF THE REAL PROPERTY APPRAISAL, MR. LAVANI'S TESTIMONY AND THE RECEIVER'S AGGRESSIVE MARKETING HISTORY AND COMPREHENSIVE FINAL REPORT.

{¶6} In its first assignment of error, OMH argues, in part, that the trial court erred when it rejected the appraisal it offered as evidence. In response, the appellee, the Revere Local School District Board of Education ("Board of Education"), argues that the trial court did not err by rejecting the appraisal because it did not contain the proper tax-lien date, and because the

appraisal amounted to hearsay since its author did not testify at the hearing. The Board of Education, however, did not object to the appraisal on the basis of hearsay at the hearing before the Board. At most, it was simply noted that the appraiser was not present to answer questions. We, therefore, need not address any argument with respect to hearsay, as the Board of Education forfeited that issue on appeal. *Emerson v. Erie Cty. Bd. of Revision*, Slip Opinion No. 2017-Ohio-865, ¶ 16 (declining to address the county's argument that an appraisal was "inadmissible hearsay" because the county did not raise a hearsay objection in the proceedings below).

{¶7} We will begin our analysis by addressing our standard of review and the applicable law. This Court reviews a trial court's decision from a tax appeal for an abuse of discretion. *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11 (1985), paragraph one of the syllabus. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} As the Ohio Supreme Court has stated, "the party challenging the board of revision's decision * * * has the burden of proof to establish its proposed value as the value of the property." *Colonial Village Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, ¶ 23. Conversely, "the board of revision (or auditor) bears no burden to offer proof of the accuracy of the appraisal on which the county initially relies, with the result that the BTA [i.e., the board of tax appeals] [or court] is justified in retaining the county's valuation of the property when an appellant fails to sustain its burden of proof at the BTA [or court]." *Id.*

{¶9} A narrow exception to these general principles applies, however, when "the developed record before the BTA [or court] affirmatively negate[s] the validity of the county's valuation of the property." *Id.* at ¶ 24. In this regard, "when the evidence presented to the board of revision or the BTA [or court] contradicts the auditor's determination in whole or in part, and

when no evidence has been adduced to support the auditor's valuation, the BTA [or court] may not simply revert to the auditor's determination." *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, ¶ 27. Instead, this "trigger[s] the legal duty of the BTA [or court] to determine whether the record as developed by the parties contained sufficient evidence to permit an independent valuation of the property." *Colonial Village* at ¶ 25.

{¶10} Here, no evidence was adduced in support of the county's valuation. The trial court acknowledged this, stating that "[t]he Appellees presented no testimony at [the] hearing to support the claim that the value of the property should be maintained at the current value." OMH, on the other hand, presented testimony from its agent/representative and submitted the appraisal it procured, among other evidence, in support of its position.

{¶11} In affirming the Board's decision, the trial court noted that "[t]he record is devoid of any indication of how the [Board] arrived at that figure [i.e., $2,647,300.00]." It then made two pertinent findings: (1) the appraisal offered by OMH was not competent evidence as to the value of the property because it bore the date of May 29, 2014, not the relevant tax-lien date of January 1, 2014;[1] and (2) the sale price could not be used as evidence of the property's value because OMH did not overcome the presumption that the sale was a forced sale. We will address the former finding first, as it is dispositive for purposes of this appeal.

{¶12} Revised Code Section 5715.19(D) provides that the determination for a complaint against the valuation of real property "shall relate back to the date when the lien for taxes or recoupment charges for the current year attached[,]" which is the first day of January. R.C. 323.11. Thus, as the Ohio Supreme Court has stated, "the first day of January of the tax year in

---

[1] The trial court also noted that the appraisal contained valuations for multiple dates.

question is the crucial valuation date for tax assessment purposes." *Freshwater v. Belmont Cty. Bd. of Revision*, 80 Ohio St.3d 26, 29-30 (1997).

{¶13} In *Freshwater v. Belmont County Board of Revision*, the appellant offered two appraisals, neither of which bore the proper tax-lien date. *Id.* at 30. The Court explained that "[t]he essence of an assessment is that it fixes the value based upon facts as they exist at a certain point in time[,]" and that "[t]he real estate market may rise, fall, or stay constant between any two dates[.]" *Id.* It, therefore, determined that the BTA did not err by rejecting the appraisals because "[e]vidence of the valuation as of th[o]se two dates [wa]s not evidence of the valuation as of [the tax-lien date]." As explained below, however, the Ohio Supreme Court has also indicated that an appraisal that does not bear the proper tax-lien date is not necessarily rendered incompetent for all purposes.

{¶14} In *Copley-Fairlawn City School District Board of Education v. Summit County Board of Revision*, the Ohio Supreme Court addressed a situation wherein an appraisal bore the date of June 14, 2011, yet the relevant tax-lien date was January 1, 2012. 147 Ohio St.3d 503, 2016-Ohio-1485, ¶ 2. At the proceedings below, the BTA determined, in part, that the appraisal was not competent evidence because it valued the property as of six months prior to the tax-lien date. *Id.* It, therefore, reinstated the auditor's initial valuation. *Id.*

{¶15} On appeal, the Ohio Supreme Court reversed the BTA's decision. *Id.* at ¶ 32. In doing so, the Court stated that "the attempt to use the opinion of value expressed in [an] appraisal report as an opinion of value for a different date does not render the appraisal incompetent as evidence for *any purpose at all*." (Emphasis added.) *Id.* at ¶ 22. The Court went on to determine that "the analysis of sale and rent comparables in the appraisal report [was] usable for purposes of determining the property's 2012 valuation[.]" *Id.* at ¶ 25.

{¶16}  In reaching the above conclusion, the Ohio Supreme Court cited its prior decision in *AP Hotels of Illinois, Inc. v. Franklin County Board of Revision*, which addressed a similar situation wherein an appraisal did not bear the appropriate tax-lien date.  118 Ohio St.3d 343, 2008-Ohio-2565, ¶ 16.  There, the Court noted that "[t]o rely on the appraisal report [for January 1, 2003] as constituting an expert opinion of value for the 2002 tax year would constitute error." *Id.* at ¶ 13.  Notwithstanding, the Court determined that the appraisal contained pertinent factual information, including an extensive discussion regarding comparable sales, the property's income and expenses, and the nature of the motel market during the relevant time.  *Id.* ¶ 16.  It concluded that "[a]lthough the appraiser did not certify his ultimate opinion of value as of the * * * tax lien date, his certification that the 'statements of fact contained in this report are true and accurate' did permit the BTA to use the factual information set forth in the report." *Id.*

{¶17}  Here, the trial court discussed the information contained in the appraisal, but determined that the appraisal's failure to contain the appropriate tax-lien date rendered it incompetent for purposes of establishing the value of the property.  Its order contains no analysis as to whether the appraisal – while incompetent as to the value of the property – otherwise contained competent evidence that negated the county's valuation.  Additionally, aside from determining that OMH could not use the sale price of the property as evidence of value, the trial court's order similarly does not indicate whether other evidence in the record negated the county's valuation in whole or in part.  If it did, then the trial court had no authority to simply affirm to the county's valuation, and was instead required to determine whether the record contained sufficient evidence to permit an independent valuation of the property.  *Dayton-Montgomery Cty. Port Auth.*, 113 Ohio St.3d 281, 2007-Ohio-1948, at ¶ 27; *Colonial Village Ltd.*, 123 Ohio St.3d 268, 2009-Ohio-4975, at ¶ 25.  This Court will not make that determination

(i.e., whether the appraisal and/or other evidence in the record negated the county's valuation in whole or in part) in the first instance. *Skidmore v. Natl. Bronze & Metals (Ohio), Inc.*, 9th Dist. Lorain No. 12CA010328, 2014-Ohio-4423, ¶ 16 ("this Court generally will not decide issues in the first instance[.]"). Accordingly, OMH's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE LOWER COURT FAILED TO RECOGNIZE THAT THE EVIDENCE BEFORE THE BOR AND THE LOWER COURT NEGATED THE VALIDITY OF THE AUDITOR'S VALUATION.

{¶18} In light of this Court's resolution of the preceding assignment of error, we decline to address OMH's second assignment of error.

{¶19}  III.

{¶20} OM Harikrushn, LLC's first assignment of error is sustained. We decline to address OM Harikrushn, LLC's second assignment of error. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

 

 

_____
JENNIFER HENSAL
FOR THE COURT


SCHAFER, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

THOMAS A. SKIDMORE, Attorney at Law, for Appellant.

SEAN KORAN, Attorney at Law, for Appellee.

SHERRI BEVAN WALSH, Prosecuting Attorney, and TIMOTHY J. WALSH, Assistant Prosecuting Attorney, for Appellees.