[Cite as *Durham Ridge Invests., L.L.C. v. Lorain Cty. Bd. of Revision*, 2021-Ohio-2454.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| DURHAM RIDGE INVESTMENTS, LLC. | C.A. No.    20CA011615 |
|     Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LORAIN COUNTY BOARD OF REVISION, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO CASE No.    11CV173828 |
|     Appellees | |

DECISION AND JOURNAL ENTRY

Dated: July 19, 2021

HENSAL, Judge.

{¶1} Durham Ridge Investments, LLC ("Durham Ridge") appeals a decision of the Lorain County Court of Common Pleas that affirmed a decision of the Lorain County Board of Revision ("the Board"). For the following reasons, this Court reverses.

I.

{¶2} Durham Ridge owns a number of parcels in Lagrange that collectively make up the Grey Hawk golf course. For the year 2010, the Lorain County Auditor set the combined value of the parcels at $4,658,600. Durham Ridge contested the valuation, arguing that it was $1,800,000 based on an appraisal that was completed in April 2010. Durham Ridge contends that it submitted a copy of the appraisal at the review hearing. The Board of Revision, however, did not change the valuation of the parcels, concluding that the auditor's value was fair and equitable. Durham Ridge appealed to the common pleas court. It affirmed the Board's decision without accepting additional evidence, finding that Durham Ridge did not submit the full appraisal at the hearing and concluding

that Durham Ridge did not produce competent and credible evidence to support a decrease in the value of the parcels. Durham Ridge has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPLEMENT THE RECORD WITH THE APPRAISAL REPORT PRESENTED AT THE BOARD OF REVISION HEARING.

{¶3} In its first assignment of error, Durham Ridge argues that the trial court incorrectly denied its motion to supplement the record with a copy of the full appraisal that it presented during the hearing before the Board. According to Durham Ridge, although it submitted a complete copy of the appraisal to the Board, the appraisal was not maintained as part of the record. Durham Ridge also argues that the appraisal, prepared only a few months after the tax date, contains a thoughtful analysis of the value of its parcels. It, therefore, argues that the common pleas court incorrectly refused to allow it to supplement the record.

{¶4} Revised Code Section 5717.05 provides that a board of revision "shall certify to the court a transcript of the record of the proceedings of said board pertaining to the original complaint and all evidence offered in connection with that complaint." In addressing a similar provision under Section 5717.01 that applies to appeals to the Board of Tax Appeals, the Ohio Supreme Court determined that, if "the BTA ascertains that evidence is missing, it should notify the parties and exercise its statutory authority to investigate[.]" *Arbors East RE, L.L.C. v. Franklin Cty. Bd. of Revision*, 153 Ohio St.3d 41, 2018-Ohio-1611, ¶ 18. In particular, "the BTA could have convened a new hearing and invited the submission of the omitted evidence, issued an order to the BOR, or both." *Id.*

{¶5}    At the hearing before the Board, Durham Ridge's managing member, Donald Keehan, indicated that he had "a full appraisal that can be submitted." After members of the Board asked Mr. Keehan questions about the nature of the appraisal, a member asked him whether he was "able to submit the full report[.]" Mr. Keehan replied that "[i]t's right there." The member asked "[i]s that our copy" and Mr. Keehan replied "[i]t's yours." The member again asked whether "[t]hat is our copy" and Mr. Keehan again replied "[y]es. That's yours." A Board member then moved to take the matter under advisement, which was seconded and approved, ending Durham Ridge's presentation.

{¶6}    The record that the Board transmitted to the common pleas court did not contain a copy of the appraisal that Mr. Keehan offered at the hearing. Durham Ridge, therefore, moved to supplement the record and attached the full appraisal to its motion. The common pleas court found that Mr. Keehan had "offered several pages of an appraisal" at the hearing and that the "appraisal was not offered into evidence in its entirety at the hearing[.]" The court also found that the report was not authenticated by its author during the hearing. Concluding that Durham Ridge had failed to offer the complete appraisal to the Board, the court next considered whether Durham Ridge had good cause for failing to provide it. It determined that Durham Ridge had failed to show good cause and, therefore, denied its motion to supplement the record.

{¶7}    The trial court's findings about what was submitted at the hearing are not supported by the record. There is no indication in the transcript that Mr. Keehan offered only several pages of the appraisal as opposed to the entire document. Mr. Keehan repeatedly stated at the hearing that he had the "full appraisal" and never indicated that he had, or was offering, only part of it. Although Mr. Keehan admitted that he had not made copies of the full appraisal because it was 116 pages, he offered the copy he did have to the Board, directing a member to it and telling the

member repeatedly that it was "yours." There are no statements by the Board indicating that it refused to accept the document into the record. To the contrary, when the Board reconvened, it noted that Mr. Keehan "submitted appraisal evidence" to which the "School Board objected[.]" The Board did not sustain any objections, instead, it simply found "the evidence * * * insufficient." The written decision issued by the Board after the meeting also only provided that, "[a]fter due consideration and review of the evidence presented," the value of the parcels was fair and equitable. The record transmitted from the Board also does not contain part of the appraisal. It contains none of the appraisal.

{¶8} Under Section 5717.05, the Board had a duty to "certify to the court a transcript of the record of the proceedings of said board pertaining to the original complaint and all evidence offered in connection with that complaint." Like in *Arbors East RE*, upon learning from Durham Ridge that there was an appraisal offered at the hearing that had not been transmitted, the common pleas court should have "[e]xercised its authority to supplement the record with the omitted documents or with any other evidence [it] deem[ed] material to its determination." 153 Ohio St.3d 41, 2018-Ohio-1611, at ¶ 18. Upon review of the record, we conclude that the court incorrectly denied Durham Ridge's motion to supplement the record. Durham Ridge's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY REFUSING TO HOLD AN EVIDENTIARY HEARING.

{¶9} In its second assignment of error, Durham Ridge argues that the common pleas court should have conducted an evidentiary hearing. The Ohio Supreme Court has held that, although Section "5717.05 requires more than a mere review of the decisions of the board of revision, that review may be properly limited to a comprehensive consideration of existing

evidence and, in the court's discretion, to an examination of additional evidence." *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11, 14 (1985). Thus, while the section "contemplates a decision de novo[,]" it does not "provide for an original action or trial de novo." (Emphasis omitted.) *Id*. The court has discretion, however, to conduct an evidentiary hearing. *7991 Columbus Pike, L.L.C. v. Delaware Cty. Bd. of Revision*, 5th Dist. Delaware No. 16 CAH 03 0015, 2016-Ohio-5758, ¶ 28.

{¶10} Durham Ridge's argument focuses on the trial court's failure to consider the appraisal it offered at the hearing before the Board. It argues that the common pleas court mischaracterized the facts, finding that it only submitted a few pages of the appraisal report to the Board instead of the full report. According to Durham Ridge, if the transcript was unclear to the common pleas court about exactly what occurred before the Board, the court should have held an evidentiary hearing to clarify the record.

{¶11} Considering this Court's determination that the common pleas court should have allowed Durham Ridge to supplement the record because the Board did not transmit the appraisal that Durham Ridge offered at the hearing, Durham Ridge's argument that the court should have held a hearing about whether to consider the appraisal is moot. We, therefore, decline to address Durham Ridge's second assignment of error. App.R. 12(A)(1)(c).

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY AFFIRMING THE BOARD OF REVISION'S RULING UPHOLDING THE AUDITOR'S VALUATION OF THE PROPERTIES.

{¶12} In its third assignment of error, Durham Ridge argues that it met its burden to establish that the auditor's valuation of its property was incorrect. Section 5715.05 provides that "an appeal from the decision of a county board of revision may be taken directly to the court of

common pleas * * *." R.C. 5715.05. "The common pleas court has a 'duty on appeal to independently weigh and evaluate all evidence properly before it [and] * * * to make an independent determination concerning the valuation of the property at issue.'" *Valley v. the Eagles, LLC v. Lorain Cty. Bd. of Revision*, 9th Dist. Lorain No. 16CA010918, 2017-Ohio-362, ¶ 7, quoting *Black*, 16 Ohio St.3d at 13. This Court reviews a trial court's decision from a tax appeal for an abuse of discretion. *OM Harikrushn, LLC v. Cty. of Summit Bd. of Revision*, 9th Dist. Summit No. 28234, 2017-Ohio-1028, ¶ 7.

{¶13} Durham Ridge argues that it submitted a comprehensive appraisal report that established that the auditor's valuation was incorrect. According to Durham Ridge, because it was able to negate the auditor's value, the trial court should have undertaken an independent valuation of the property. The Ohio Supreme Court has recognized that, if the evidence presented to a board of revision contradicts the auditor's determination in whole or in part, the board of tax appeals or common pleas court may not simply retain the auditor's valuation but must perform such a valuation. *Copley-Fairlawn City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 147 Ohio St.3d 503, 2016-Ohio-1485, ¶ 17. Durham Ridge also argues that the local school district admitted in its counter complaint that the auditor's valuation was too high.

{¶14} As previously noted, the common pleas court found that Durham Ridge did not submit a complete appraisal to the Board. The court also found that the few pages that were submitted were not authenticated by the appraiser and, therefore, could not be relied upon in making a valuation decision.

{¶15} This Court has determined that the common pleas court should have allowed Durham Ridge to supplement the record with the missing appraisal. Regarding the authenticity of the appraisal, the common pleas court cited to *Freshwater v. Belmont County Board of Revision*,

80 Ohio St.3d 26, 30 (1997). That case, however, did not involve a question as to the authenticity of an appraisal. In fact, the appraiser in *Freshwater* testified as to the two written appraisals he had prepared. *Id*. at 27.

{¶16} In *Plain Local Schools Board of Education v. Franklin County Board of Revision*, 130 Ohio St.3d 230, 2011-Ohio-3362, the Ohio Supreme Court concluded that it was not reversible error for the board of tax appeals to consider an appraisal even though the appraiser did not testify. *Id*. at ¶ 3. In *Musto v. Lorain County Board of Revision*, 148 Ohio St.3d 456, 2016-Ohio-8058, however, the Supreme Court clarified that, although the board of tax appeals may consider such evidence, it also has wide discretion to determine the weight of the evidence and may reject appraisal evidence even if it has been presented by an expert. *Id*. at ¶ 39.

{¶17} As is clear from the common pleas court's decision, it was considering only part of the appraisal when it determined that the appraisal was of no value. On remand, the court should reconsider what weight to give to the appraisal after reviewing its complete contents, consistent with *Musto*. Considering the disposition of Durham Ridge's first assignment of error, we conclude its third assignment of error is premature, and it is overruled on that basis.

III.

{¶18} Durham Ridge's first assignment of error is sustained. Its second assignment of error is moot. Its third assignment of error is premature. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

J. D. TOMLINSON, Prosecuting Attorney, and CARA M. FINNEGAN, Assistant Prosecuting Attorney, for Appellee.

KARRIE KALAIL, Attorney at Law, for Appellee.